**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **CSS THE ESTAES OF MCDONOUGH WOODWARD MANAGEMENT PARTNERS,** <br><br> **Plaintiff,** <br><br> v. <br><br> **KARLOWA DUKES,** <br><br> **Defendant.** | 1:17-cv-2298-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendant Karlowa Dukes' ("Defendant") Motion to "Vacate and Set Aside Wrongful Eviction And Dispossessory And Declaratory Relief Preliminary Statement, And Lack of Subject Matter Jurisdiction, Emergency Motion Injunction Relief, Set Aside Writ of Possession" ("Motion") [5]. This motion was in response to Magistrate Judge J. Clay Fuller's Report and Recommendation ("R&R") [4.2], which recommends this action be remanded for lack of subject matter jurisdiction.

**I.    BACKGROUND**

On May 11, 2017, Plaintiff CSS The Estates of McDonough Woodward Management Partners ("Plaintiff") filed, in the Magistrate Court of Henry County,

Georgia,[1] a dispossessory proceeding against its tenant, Defendant Karlowa Dukes ("Defendant"). The dispossessory proceeding sought possession of the premises occupied by Defendant, and past due rent, fees and costs.

On June 6, 2017, the Magistrate Court of Henry County ordered Defendant to pay $2,189.38 in principal, $75.50 in court costs and issued an Writ of Possession for Plaintiff. (Judgment and Order [1.1] at 6).

On June 20, 2017, Defendant, proceeding *pro se*, removed the Henry County dispossessory action to this Court by filing a Notice of Removal [3] and an application to proceed *in forma pauperis* ("IFP") [1]. Defendant appears to assert, in the removal petition, that the district court has federal question jurisdiction over the matter, asserting, "[This] [d]ispossessory action is in violation of [the] 14th Amendment of the U.S. Constitution with respect to Due Process of law." (Notice of Removal [3] at 3).

On June 22, 2017, the Magistrate Judge granted Defendant's application to proceed IFP and considered *sua sponte* whether the Court has subject matter jurisdiction over this case. The "Complaint," in this case, asserts a state court dispossessory claim. In order for Defendant to establish federal question jurisdiction, a federal question must be stated in the well-pleaded complaint. The

---

[1]  No. 2017-1911CD

Magistrate Judge found that, in this action, there was no federal question. The Magistrate Judge concluded that there is no federal jurisdiction over this action and recommended that the Court remand the case to the Magistrate Court of Henry County.

On June 27, 2017, Defendant filed the Motion in response to the R&R, which the Court construes as Defendant's Objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). In this case Defendant filed Objections and the Court conducts a *de novo* review.

3

B.  <u>Analysis</u>

Defendant asserts in her Motion, "Jurisdiction and venue of this Court over this matter is invoked pursuant to the [sic] 28 U.S.C. A§ [sic] 1331, 1332 1343 and 1357." (Motion [5] at 2). It is well-settled that federal question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that assertion of defenses or counter claims based on federal law cannot confer federal question jurisdiction over a cause of action. The federal issues raised in Defendant's removal petition are defenses or counterclaims to the state dispossessory action and are not a ground for removal based on the presence of a federal question.

The Court's jurisdiction in this action also cannot be based on diversity of citizenship. Diversity jurisdiction exists over suits between citizens of different states where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). The Defendant states, in her Motion, her own citizenship and alleges that Plaintiff "is not showing a physical address but a P.O Box." (Motion [5] at 2). This is not sufficient to allege diversity of the parties. Even if complete diversity was alleged, the amount-in-controversy requirement is not met. "[A] claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for the purposes of determining the amount in controversy." <u>Citimortgage Inc. v. Dhinoja</u>,

4

705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d. 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 858 (11th Cir. 2002); cf. Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement."). There is no basis for removal based on diversity of citizenship.

The Court lacks both federal question and diversity jurisdiction and thus this action is required to be remanded to the Henry County Magistrate Court.[2] See 28 U.S.C. § 1447(c) ("If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

---

[2] Even if subject matter jurisdiction existed, the Court cannot provide Defendant the relief she seeks—a stay of state court eviction proceedings—because a federal court is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283, from enjoining a state court eviction proceeding. To the extent Defendant seeks to have the Court find that a completed dispossessory proceeding was wrongful and overturn a writ of possession issued by a state court, the Court lacks jurisdiction under the Rooker-Feldman doctrine to do so. Doe v. Fla. Bar, 630 F.3d 1336, 1341 (11th Cir. 2011). (Federal district courts "generally lack jurisdiction to review a final state court decision.") (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) & Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)).

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Final Report and Recommendation [4.2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion [5], which the Court construed as her Objections, is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of Henry County, Georgia.

**SO ORDERED** this 14th day of August, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

6